UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COURTNEY MCFIELDS, et al., | |
| Plaintiffs, | Case No. 17-cv-7424 |
| v. | |
| SHERIFF OF COOK COUNTY, and COOK COUNTY, ILLINOIS, | Judge John Robert Blakey |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Courtney McFields, Pierre Brunt, Tarik Page, and Anthony Dixon sued Defendants Cook County and the Cook County Sheriff under 42 U.S.C. § 1983. Plaintiffs, on behalf of a proposed class, allege that Defendants violated their Eighth Amendment rights by demonstrating deliberate indifference to dental pain they experienced while confined at the Cook County Jail. The Sheriff moved to dismiss. [20]. For the reasons explained below, this Court denies that motion.

I.  Background

   A.  The Complaint's Allegations

Defendants operate the Cook County Jail and share responsibility for providing medical care to detainees. [1] ¶¶ 4–6. Defendants require that detainees with dental pain complete a "health service request form" before receiving treatment. *Id.* ¶ 11. The appropriate standard of care dictates that a registered nurse or similar provider would review any complaints of dental pain and conduct a

1

face-to-face evaluation with a complaining detainee within 48 hours of the detainee submitting a request form. *Id.* ¶ 12. Prompt face-to-face evaluations would allow nurses to give detainees antibiotics and over-the-counter medications for pain relief before detainees see a dentist. *Id.* ¶ 8. Defendants follow a different practice at the jail, however: nursing staff forward request forms for dental pain to dental staff without evaluating patients or giving them pain medication. *Id.* ¶ 17.

Plaintiffs allege that Defendants' failure to ensure timely screening and pain relief caused Plaintiffs and others similarly situated to experience gratuitous dental pain while confined at the jail. *Id.* ¶ 19. Specifically, Page started experiencing dental pain in January 2014 and submitted several request forms complaining about the pain. *Id.* ¶¶ 31–32. He never had a face-to-face evaluation with a nurse, and he suffered untreated dental pain for about 90 days before seeing a dentist. *Id.* ¶ 33. Dixon, whose dental pain began in May 2014, also never had a face-to-face evaluation with a nurse despite submitting multiple request forms. *Id.* ¶¶ 28–29. Dixon's dental pain went untreated for 60 days before he saw a dentist. *Id.* ¶ 30.

McFields submitted a request form for dental pain in late October 2014. *Id.* ¶ 21. A registered nurse reviewed the form one day after McFields submitted it; without conducting a face-to-face evaluation or providing McFields with pain medication, the nurse forwarded McFields' request form to a dentist. *Id.* ¶ 22. McFields continued experiencing severe dental pain and submitted a second request form several weeks later when he still had not seen a dentist or received any pain medication. *Id.* ¶ 23. A dentist finally examined McFields in late November 2014

2

and removed an infected tooth. *Id.* ¶ 24. In fall 2016, Brunt experienced dental pain and submitted multiple request forms and grievances complaining about his pain. *Id.* ¶¶ 25–26. Brunt never saw a nurse for a face-to-face evaluation. *Id.* ¶ 27. He endured untreated dental pain for about 60 days before he saw a dentist. *Id.*

  **B.** ***Smentek* Litigation**[1]

McFields, Page, and Dixon originally belonged to the plaintiff class in *Smentek v. Sheriff of Cook County*, No. 09-cv-529 (N.D. Ill.), a similar § 1983 case. *Id.* ¶ 34. In August 2011, the *Smentek* court certified the following class under Federal Rule of Civil Procedure 23(b)(3): "All inmates housed at Cook County Department of Corrections on or after January 1, 2007, who have made a written request for dental care because of acute pain and who suffered prolonged and unnecessary pain because of lack of treatment." [20-1] at 2 (October 2016 Opinion and Order). In December 2014, the court ordered the parties to confer regarding a closing date for the class period. *Id.* Instead of suggesting a single end date, the *Smentek* plaintiffs proposed five subclasses for different periods of time. *Id.* at 2–3. The court rejected the proposed subclasses in an October 2016 opinion and set a class closing date of October 31, 2013. *Id.* at 8. That closing date excluded McFields, Page, and Dixon, who suffered untreated dental pain in 2014. [1] ¶¶ 21–33. McFields, Page, Dixon, and Brunt filed this suit in October 2017. [1].

**II.** **Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide

---

[1] This Court may take judicial notice of matters of public record, such as court filings. *See Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 676 n.2 (7th Cir. 2009).

a "short and plain statement of the claim" showing that the pleader merits relief, Fed. R. Civ. P. 8(a)(2), so the defendant has "fair notice" of the claim "and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must also contain "sufficient factual matter" to state a facially plausible claim to relief—one that "allows the court to draw the reasonable inference" that the defendant committed the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "asks for more than a sheer possibility" that a defendant acted unlawfully. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

In evaluating a complaint under Rule 12(b)(6), this Court accepts all well-pleaded allegations as true and draws all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. This Court does not, however, accept a complaint's legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Rule 12(b)(6) limits this Court to considering the complaint, documents attached to the complaint, documents central to the complaint (to which the complaint refers), and information properly subject to judicial notice. *Williamson*, 714 F.3d at 436.

### III. Analysis

The Sheriff seeks to dismiss all claims except Brunt's as time-barred. [20] at 2.[2] The Sheriff also argues that, even if Plaintiffs' claims proceed, they should not proceed as a class action. *Id.* at 6.

---

[2] The Sheriff also moved to dismiss the complaint as a whole for "failure to state a cause of action," [20] at 2, but then failed to develop that argument in any way, and thus waived it, *see Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016).

4

## A. Tolling

The Sheriff argues that the statute of limitations expired for McFields, Page, and Dixon's claims because this case does not involve "exactly the same cause of action" as *Smentek*. *Id.* at 5. Plaintiffs respond that the statute of limitations for each of their claims did not begin running until October 2016, when the *Smentek* court set the class closing date. [27] at 5. This Court agrees.

Because § 1983 does not contain a statute of limitations, § 1983 actions borrow the relevant state's statute of limitations for personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Illinois has a two-year statute of limitations for personal-injury torts. 735 ILCS 5/13-202. When federal courts borrow a state statute of limitations for a § 1983 case, they must also apply state tolling rules. *See Chardon v. Fumero Soto*, 462 U.S. 650, 662 (1983); *Bd. of Regents v. Tomanio*, 446 U.S. 478, 485 (1980).

In Illinois, filing a proposed class action "suspends the applicable statute of limitations as to all asserted members of the class." *Steinberg v. Chi. Med. Sch.*, 371 N.E.2d 634, 645 (Ill. 1977) (citing *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974)). Illinois courts follow *American Pipe* and its progeny for tolling rules. *See Mabry v. Vill. of Glenwood*, 41 N.E.3d 508, 515 (Ill. App. Ct. 2015) (collecting cases). Thus, in Illinois, a tolled limitations clock starts ticking again only when a court denies class certification, or when certain procedural events happen (for example, the limitations period starts running again for a class member who opts out of a certified class). *See Collins v. Vill. of Palatine, Ill.*, 875 F.3d 839, 843–44

(7th Cir. 2017) (citing *Am. Pipe*, 414 U.S. at 553; *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983)).

Plaintiffs (except Brunt) belonged to the Rule 23(b)(3) class that the *Smentek* court originally certified in August 2011. *See* [20-1] at 2. Consistent with that class definition, Plaintiffs allege that—after January 1, 2007—they made written requests for dental care because of acute pain and they suffered prolonged and unnecessary pain when they did not receive appropriate treatment. *See generally* [1]. Thus, *Smentek* tolled the statute of limitations for Plaintiffs' claims until October 2016, when the court set a class closing date that excluded Plaintiffs. *See Steinberg*, 371 N.E.2d at 645; *Collins*, 875 F.3d at 843–44. Plaintiffs filed this case in October 2017, [1], well within the two-year limitations period triggered in October 2016.

The Sheriff emphasizes that Plaintiffs claim that Defendants violated their rights by not providing them with face-to-face nursing evaluations within 48 hours of Plaintiffs submitting their request forms, but the relevant proposed subclass in *Smentek* challenged the failure to provide face-to-face evaluations within 24 hours. [20] at 5. Thus, the Sheriff says, tolling should not apply because this case and *Smentek* "do not involve or require the same factual information." *Id.* The Sheriff relies too much upon the proposed subclasses. The *Smentek* court rejected those proposed subclasses, so they do not define the relevant class at issue here. Plaintiffs' claims belonged to the certified class in *Smentek* until that court, in October 2016, set a class closing date that excluded them. *See* [20-1] at 2, 8. Thus,

6

Plaintiffs get the benefit of tolling from *Smentek*; the two-year limitations period did not begin running for their claims until October 2016. *See Steinberg*, 371 N.E.2d at 645; *Collins*, 875 F.3d at 843–44.

The Sheriff also argues that *American Pipe* tolling does not apply "when the class claim and subsequent individual claim turn on the same factual allegations but advance different legal theories." [20] at 5 (citing *In re Copper Antitrust Litig.*, 436 F.3d 782, 794 (7th Cir. 2006)). True, but again irrelevant here. *Copper Antitrust* held that a class action filed in state court—under state antitrust law—did not toll the statute of limitations for a subsequent federal suit under federal antitrust law. 436 F.3d at 793–97. That decision confirms what this Court explained above: federal law determines the tolling effect of a suit governed by a federal statute of limitations, while state law determines the tolling effect of a suit governed by a state statute of limitations, "even if all litigation occurs in federal court." *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560, 562–63 (7th Cir. 2011). This case advances the same legal theory as *Smentek*: § 1983 claims for Eighth Amendment violations arising from deliberate indifference to dental pain. Thus, *Copper Antitrust's* exception does not apply here. In sum, Plaintiffs timely filed this case because their two-year limitations period did not start running until October 2016, when they no longer belonged to the *Smentek* class.

B.  **Proceeding with Class Claims**

Relying upon one case from outside this district, the Sheriff also argues that Plaintiffs' claims, if they survive a motion to dismiss, should not proceed as a class

7

action because "plaintiffs cannot stack one class action on top of another and continue to toll the statute of limitations indefinitely." [28] at 4 (citing *In re Copper Mkt. Antitrust Litig.*, 300 F. Supp. 2d 805, 811–12 (W.D. Wis. 2003)). But the Western District of Wisconsin held only that the plaintiffs in that case could not stack the tolling effect from multiple *unsuccessful* class actions in which courts denied class certification. *Copper Mkt.*, 300 F. Supp. 2d at 812. Plaintiffs here belonged to a *successful* class action until the *Smentek* court set a closing date prior to when they experienced untreated dental pain.

Besides, the Seventh Circuit has rejected the argument that "successive suits that rely on *American Pipe's* tolling principle *never* may proceed as class actions." *Sawyer*, 642 F.3d at 563–64. Plaintiffs have not yet moved for class certification. When they do, Defendants will have the chance to address that issue if necessary.

## IV. Conclusion

This Court denies the Sheriff's motion to dismiss [20]. All dates and deadlines stand.

Dated: April 13, 2018

Entered:

_____
John Robert Blakey
United States District Judge